**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, <br><br>  Plaintiff, <br><br> v. <br><br> RESEARCH IN MOTION LIMITED, <br> RESEARCH IN MOTION CORPORATION, <br> AT&T INC., <br> AT&T MOBILITY LLC, <br> VERIZON COMMUNICATIONS, INC., <br> CELLCO PARTNERSHIP INC. D/B/A <br> VERIZON WIRELESS, <br> SPRINT NEXTEL CORPORATION, <br> SPRINT SOLUTIONS, INC., <br> SPRINT SPECTRUM L.P., <br> BOOST MOBILE, LLC, <br> T-MOBILE USA, INC., and <br> T-MOBILE US, INC., <br><br>  Defendants. | CIVIL ACTION NO. 6:13-cv-510 <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT
FOR PATENT INFRINGEMENT**

Plaintiff Cellular Communications Equipment LLC files this Original Complaint against Research In Motion Limited; Research In Motion Corporation; AT&T Inc.; AT&T Mobility LLC; Verizon Communications, Inc.; Cellco Partnership Inc. d/b/a Verizon Wireless; Sprint Nextel Corporation; Sprint Solutions, Inc.; Sprint Spectrum L.P.; Boost Mobile, LLC; T-Mobile USA, Inc.; and T-Mobile US, Inc. (collectively, the "Defendants") for infringement of U.S.

1

Patent No. 6,377,804 ("the '804 patent"), U.S. Patent No. 7,215,962 ("the '962 patent"), and U.S. Patent No. 8,055,820 ("the '820 patent").

## THE PARTIES

1.  Cellular Communications Equipment LLC ("CCE") is a Texas limited liability company with its principal place of business in Plano, Texas.

2.  On information and belief, Research In Motion Limited is incorporated under the laws of Canada with its principal place of business at 295 Phillip Street, Waterloo, Ontario, N2L 3W8, Canada. This Defendant may be served with process at its principal place of business at 295 Phillip Street, Waterloo, Ontario, N2L 3W8, Canada. This Defendant does business in the State of Texas and in the Eastern District of Texas.

3.  Research In Motion Corporation (with Research In Motion Limited, "RIM") is a Delaware corporation with its principal place of business in Sunrise, Florida. This Defendant may be served with process through its agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801. This Defendant does business in the State of Texas and in the Eastern District of Texas.

4.  AT&T Inc. is a Delaware corporation with its principal place of business in Dallas, Texas. This Defendant may be served with process through its agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This Defendant does business in the State of Texas and in the Eastern District of Texas.

5.  AT&T Mobility LLC (with AT&T Inc., "AT&T") is a Delaware limited liability company with its principal place of business in Atlanta, Georgia. This Defendant may be served with process through its agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This Defendant does business in the State of Texas and in the Eastern District of Texas.

6. Verizon Communications Inc. is a Delaware corporation with its principal place of business in New York, New York. This Defendant may be served with process through its agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This Defendant does business in the State of Texas and in the Eastern District of Texas.

7. Cellco Partnership Inc. d/b/a Verizon Wireless (with Verizon Communications Inc., "Verizon") is a Delaware general partnership with its principal place of business in Basking Ridge, New Jersey. This Defendant may be served with process through its agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This Defendant does business in the State of Texas and in the Eastern District of Texas.

8. Sprint Nextel Corporation is a Kansas corporation with its principal place of business in Overland Park, Kansas. This Defendant may be served with process through its agent, Corporation Service Company, 200 S.W. 30th Street, Topeka, Kansas 66611. This Defendant does business in the State of Texas and in the Eastern District of Texas.

9. Sprint Solutions, Inc. is a Delaware corporation with its principal place of business in Reston, Virginia. This Defendant may be served with process through its agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. This Defendant does business in the State of Texas and in the Eastern District of Texas.

10. Sprint Spectrum L.P. is a Delaware limited partnership with its principal place of business in Overland Park, Kansas. This Defendant may be served with process through its agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. This Defendant does business in the State of Texas and in the Eastern District of Texas.

11. Boost Mobile, LLC (with Sprint Nextel Corporation, Sprint Solutions, Inc., and Sprint Spectrum L.P., "Sprint") is a Delaware limited liability company with its principal place of business in Irvine, California. This Defendant may be served with process through its agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. This Defendant does business in the State of Texas and in the Eastern District of Texas.

12. T-Mobile USA, Inc. is a Delaware corporation with a principal place of business in Bellevue, Washington. T-Mobile USA, Inc. maintains a significant presence in Richardson, Texas and offers products and services under the T-Mobile and MetroPCS brands. This Defendant may be served with process through its agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. This Defendant does business in the State of Texas and in the Eastern District of Texas.

13. T-Mobile US, Inc. (with T-Mobile USA, Inc., "T-Mobile") is a Delaware corporation with its principal place of business in Bellevue, Washington. T-Mobile US, Inc. maintains a significant presence in Richardson, Texas, and offers products and services under the T-Mobile and MetroPCS brands. This Defendant may be served with process through its agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. This Defendant does business in the State of Texas and in the Eastern District of Texas.

## JURISDICTION AND VENUE

14. This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 1367.

16. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b). On information and belief, each Defendant is deemed to reside in this judicial

district, has committed acts of infringement in this judicial district, has purposely transacted business in this judicial district, and/or has regular and established places of business in this judicial district.

17. On information and belief, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (A) at least part of their infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

## COUNT I

(INFRINGEMENT OF U.S. PATENT NO. 6,377,804)

18. CCE incorporates paragraphs 1 through 17 herein by reference.

19. CCE is the assignee of the '804 patent, entitled "Mobile Communication Systems," with ownership of all substantial rights in the '804 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements. A true and correct copy of the '804 patent is attached as Exhibit A.

20. The '804 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

21. Defendants RIM, AT&T, and T-Mobile have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the '804 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 1, 3, 4, 5, and 7 by, among other things, making, using, offering for sale, selling and/or importing RIM mobile devices, including, for example: the BlackBerry Z10 LTE and the BlackBerry Q10 LTE, sold or otherwise distributed by or through AT&T (the "'804

AT&T Mobile Devices"); and the BlackBerry Z10 LTE and the BlackBerry Q10 LTE, sold or otherwise distributed by or through T-Mobile (the "'804 T-Mobile Mobile Devices").  These devices are collectively referred to as the "'804 RIM Devices."

22. Defendants directly infringe the '804 patent by using the '804 RIM Devices to practice the claimed methods.  Defendants are thereby liable for direct infringement.  Additionally, Defendants are liable for indirect infringement of the '804 patent because they induce and/or contribute to the direct infringement of the patent by their customers and other end users who use the '804 RIM Devices to practice the claimed methods.

23. Each Defendant has had knowledge of the '804 patent, at least as early as service of this Complaint.

24. On information and belief, despite having knowledge of the '804 patent, Defendants named in this Count have specifically intended and continue to specifically intend for persons who acquire and use the '804 RIM Devices, including Defendants' customers, to use such devices in a manner that infringes the '804 patent, including at least claims 1, 3, 4, 5, and 7.  Defendants knew or should have known that their actions — including instructing customers and end users regarding use of the '804 RIM Devices — have and continue to actively induce infringement.

25. On information and belief, Defendants named in this Count have known and know that their products accused of infringing (and/or components thereof) are a material part of the inventions of the '804 patent, and are not staple articles of commerce suitable for substantial non-infringing use.

26. On information and belief, RIM and AT&T test, make, use, offer for sale, sell, and/or import the '804 AT&T Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such

devices. Accordingly, RIM and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

27. On information and belief, RIM and T-Mobile test, make, use, offer for sale, sell, and/or import the '804 T-Mobile Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, RIM and T-Mobile are jointly, severally, or alternatively liable for infringements described in this Count.

28. CCE has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to CCE in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **COUNT II**

(INFRINGEMENT OF U.S. PATENT NO. 7,215,962)

29. CCE incorporates paragraphs 1 through 17 herein by reference.

30. CCE is the assignee of the '962 patent, entitled "Method for an Intersystem Connection Handover," with ownership of all substantial rights in the '962 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements. A true and correct copy of the '962 patent is attached as Exhibit B.

31. The '962 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

32. Defendants RIM, AT&T, Verizon, Sprint, and T-Mobile have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the '962 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 1, 2, 11, 12, and 13, by, among other things, making,

using, offering for sale, selling and/or importing RIM mobile devices, including, for example: the BlackBerry Z10 LTE and the BlackBerry Q10 LTE, sold or otherwise distributed by or through AT&T (the "'962 AT&T Mobile Devices"); the BlackBerry Z10 LTE and the BlackBerry Q10 LTE, sold or otherwise distributed by or through Verizon (the "'962 Verizon Mobile Devices"); the BlackBerry Q10 LTE, sold or otherwise distributed by or through Sprint (the "'962 Sprint Mobile Devices"); and the BlackBerry Z10 LTE and the BlackBerry Q10 LTE, sold or otherwise distributed by or through T-Mobile (the "'962 T-Mobile Mobile Devices"). These devices are collectively referred to as the "'962 RIM Devices."

33. Defendants directly infringe the apparatus claims of the '962 patent by making, offering to sell, selling, and/or importing the '962 RIM Devices. Defendants also directly infringe the '962 patent by using the '962 RIM Devices to practice the claimed methods. Defendants are thereby liable for direct infringement.

34. Additionally, Defendants are liable for indirect infringement of the '962 patent because they induce and/or contribute to the direct infringement of the patent by their customers and other end users who use the '962 RIM Devices to practice the claimed methods.

35. On information and belief, each Defendant is a 3GPP member organization, or is affiliated with a 3GPP member organization, and has known of the '962 patent at least as early as December 2010, when it was disclosed to 3GPP via ETSI.

36. On information and belief, despite having knowledge of the '962 patent, Defendants named in this Count have and continue to specifically intend for persons who acquire and use such devices, including Defendants' customers, to use such devices in a manner that infringes the '962 patent, including at least claims 1, 2, 11, 12, and 13. Defendants knew or should have known that their actions — including instructing customers and end users regarding use of the '962 RIM Devices — have and continue to actively induce infringement.

37. On information and belief, Defendants named in this Count have known and know that their products accused of infringing (and/or components thereof) are a material part of the inventions of the '962 patent, are especially made and/or adapted for use in infringing the '962 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

38. On information and belief, despite having knowledge of the '962 patent and knowledge that they are directly and/or indirectly infringing one or more claims of the '962 patent, Defendants named in this Count have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus, Defendants' infringing activities relative to the '962 patent have been, and continue to be, willful, wanton and deliberate in disregard of CCE's rights.

39. On information and belief, RIM and AT&T test, make, use, offer for sale, sell, and/or import the '962 AT&T Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, RIM and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

40. On information and belief, RIM and Verizon test, make, use, offer for sale, sell, and/or import the '962 Verizon Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, RIM and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

41. On information and belief, RIM and Sprint test, make, use, offer for sale, sell, and/or import the '962 Sprint Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such

devices. Accordingly, RIM and Sprint are jointly, severally, or alternatively liable for infringements described in this Count.

42. On information and belief, RIM and T-Mobile test, make, use, offer for sale, sell, and/or import the '962 T-Mobile Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, RIM and T-Mobile are jointly, severally, or alternatively liable for infringements described in this Count.

43. CCE has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to CCE in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III

(INFRINGEMENT OF U.S. PATENT NO. 8,055,820)

44. CCE incorporates paragraphs 1 through 17 herein by reference.

45. CCE is the assignee of the '820 patent, entitled "Apparatus, System, and Method for Designating a Buffer Status Reporting Format Based on Detected Pre-Selected Buffer Conditions," with ownership of all substantial rights in the '820 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements. A true and correct copy of the '820 patent is attached as Exhibit C.

46. The '820 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

47. Defendants RIM, AT&T, Verizon, Sprint, and T-Mobile have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the '820 patent in this judicial district and elsewhere in Texas and the

United States, including at least claims 1, 4, 5, 7, 8, 9, 10, 12, 15, 16, 18, 19, 20, and 21, by, among other things, making, using, offering for sale, selling and/or importing RIM mobile devices, including, for example: the BlackBerry Z10 LTE and the BlackBerry Q10 LTE, sold or otherwise distributed by or through AT&T (the "'820 AT&T Mobile Devices"); the BlackBerry Z10 LTE and the BlackBerry Q10 LTE, sold or otherwise distributed by or through Verizon (the "'820 Verizon Mobile Devices"); the BlackBerry Q10 LTE, sold or otherwise distributed by or through Sprint (the "'820 Sprint Mobile Devices"); and the BlackBerry Z10 LTE and the BlackBerry Q10 LTE, sold or otherwise distributed by or through T-Mobile (the "'820 T-Mobile Mobile Devices").  These devices are collectively referred to as the "'820 RIM Devices."

48.     Defendants directly infringe the apparatus claims of the '820 patent by making, offering to sell, selling, and/or importing the '820 RIM Devices.  Defendants also directly infringe the '820 patent by using the '820 RIM Devices to practice the claimed methods. Defendants are thereby liable for direct infringement.

49.     Additionally, Defendants are liable for indirect infringement of the '820 patent because they induce and/or contribute to the direct infringement of the patent by their customers and other end users who use the '820 RIM Devices to practice the claimed methods.

50.     On information and belief, each Defendant is a 3GPP member organization, or is affiliated with a 3GPP member organization, and has known of the '820 patent at least as early as June 2009, when it was disclosed to 3GPP via ETSI.

51.     On information and belief, despite having knowledge of the '820 patent, Defendants named in this Count have and continue to specifically intend for persons who acquire and use such devices, including Defendants' customers, to use such devices in a manner that infringes the '820 patent, including at least claims 1, 4, 5, 7, 8, 9, 10, 12, 15, 16, 18, 19, 20, and 21. Defendants knew or should have known that their actions — including instructing customers

and end users regarding use of the '820 RIM Devices — have and continue to actively induce infringement.

52.     On information and belief, Defendants named in this Count have known and know that their products accused of infringing (and/or components thereof) are a material part of the inventions of the '820 patent, are especially made and/or adapted for use in infringing the '820 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

53.     On information and belief, despite having knowledge of the '820 patent and knowledge that they are directly and/or indirectly infringing one or more claims of the '820 patent, Defendants named in this Count have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus, Defendants' infringing activities relative to the '820 patent have been, and continue to be, willful, wanton and deliberate in disregard of CCE's rights.

54.     On information and belief, RIM and AT&T test, make, use, offer for sale, sell, and/or import the '820 AT&T Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, RIM and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

55.     On information and belief, RIM and Verizon test, make, use, offer for sale, sell, and/or import the '820 Verizon Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, RIM and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

56. On information and belief, RIM and Sprint test, make, use, offer for sale, sell, and/or import the '820 Sprint Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, RIM and Sprint are jointly, severally, or alternatively liable for infringements described in this Count.

57. On information and belief, RIM and T-Mobile test, make, use, offer for sale, sell, and/or import the '820 T-Mobile Mobile Devices described in this Count, pursuant to one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, RIM and T-Mobile are jointly, severally, or alternatively liable for infringements described in this Count.

58. CCE has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to CCE in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JOINDER OF PARTIES

59. CCE incorporates paragraphs 1 through 58 herein by reference.

60. On information and belief, AT&T, Verizon, Sprint, and T-Mobile have each purchased or otherwise acquired from RIM certain mobile devices for sale, resale, and/or distribution to their customers (and other end users) that are the subject of Counts I through III (or some subset thereof). Thus, for these Counts, the right to relief against AT&T, Verizon, Sprint, and/or T-Mobile is asserted jointly and severally with RIM.

61. The alleged infringements set forth in Counts I through III arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the testing, making,

using, offering for sale, selling, and/or importing of the RIM mobile devices made the subject of Counts I through III.

62. Questions of fact common to all Defendants will arise in this action including, for example, infringement by, or through use of, RIM mobile devices.

63. Thus, joinder of RIM, AT&T, Verizon, Sprint, and T-Mobile is proper in this litigation pursuant to 35 U.S.C. § 299(a).

## JURY DEMAND

CCE hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

CCE requests that the Court find in its favor and against Defendants, and that the Court grant CCE the following relief:

a. Judgment that one or more claims of the '804, '962, and '820 patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or by others whose infringements have been induced by Defendants and/or by others to whose infringements Defendants have contributed;

b. Judgment that Defendants account for and pay to CCE all damages to and costs incurred by CCE because of Defendants' infringing activities and other conduct complained of herein;

c. Judgment that Defendants account for and pay to CCE a reasonable, ongoing, post-judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

d. That Defendants' infringements relative to the '962 and/or '820 patents be found willful from the time that Defendants became aware of the infringing nature of their products, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e. That CCE be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

f. That CCE be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated: June 25, 2013**                    Respectfully submitted,

<u>Edward R. Nelson, III by permission T. John Ward, Jr.</u>
Edward R. Nelson, III
enelson@nbclaw.net
Texas State Bar No. 00797142
Brent N. Bumgardner
bbumgarnder@nbclaw.net
Texas State Bar No. 00795272
Barry J. Bumgardner
barry@nbclaw.net
Texas State Bar No. 00793424
S. Brannon Latimer
blatimer@nbclaw.net
Texas State Bar No. 24060137
Thomas C. Cecil
tcecil@nbclaw.net
Texas State Bar No. 24069489
Michael J. Fagan, Jr.
mfagan@nbclaw.net
Louisiana State Bar No. 33821
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone:  (817) 377-9111
Fax:  (817) 377-3485

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
Claire Abernathy Henry
Texas State Bar No. 24053063
WARD & SMITH LAW FIRM
P.O. Box 1231
1127 Judson Rd. Ste. 220
Longview, Texas  75606-1231
(903) 757-6400
(903) 757-2323 (fax)
jw@jwfirm.com
wh@wsfirm.com
ch@wsfirm.com

**ATTORNEYS FOR PLAINTIFF
CELLULAR COMMUNICATIONS
EQUIPMENT LLC**